**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| JULIA CHRISTIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THF HOUSING MANAGEMENT CORP.,<br><br>Defendant. | CASE NO. 1:18-cv-347<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff JULIA CHRISTIAN ("Plaintiff"), on behalf of herself and all others similarly situated, by and through their attorneys, brings this action for damages and other legal and equitable relief from Defendant, THF HOUSING MANAGEMENT CORP. ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. 201 *et seq.*, for violations of Title Two of the Texas Labor Code ("TLC") §§ 62.001 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

### INTRODUCTION

1. This is a collective/ class action brought by Plaintiff challenging acts committed by Defendant against Plaintiff, and those similarly situated, which amounted to violations of federal and state wage and hour laws.

2. Plaintiff is a person who was employed by Defendant as a Property Manager. Defendant failed to pay Plaintiff, and all others similarly situated, with an overtime premium for all hours worked in excess of forty (40) hours per workweek.

3. First, Defendant knowingly and willfully misclassified Plaintiff, and those similarly situated, as overtime exempt employees and failed to pay them the statutorily required overtime rate of time-and-a-half for hours worked beyond forty (40) in a workweek in violation of the FLSA and any other cause(s) of action that can be inferred from the fact set forth herein.

4. Though Plaintiff was given the title of Property Manager, she, and those similarly situated, were not properly exempt from overtime pursuant to any overtime exemption.

5. In or around February 2018, Defendant acknowledged this misclassification and converted all property manager positions from salaried exempt to hourly non-exempt.

6. Defendant memorialized this change in a document dated February 1, 2018, which stated that the position of property "manager" would be converted from salaried exempt to hourly non-exempt and there would be no change in Property Managers' work duties or benefits.

7. Plaintiff, and those similarly situated, worked in excess of forty (40) hours per week, but were not paid overtime for the time they were misclassified as salaried exempt employees.

8. Second, Plaintiff, and those similarly situated, were required to work off-the-clock during their meal break periods in violation of the FLSA and the TLC.

9. Plaintiff, and those similarly situated, were given a one-hour meal break.

10. However, when Plaintiff, and those similarly situated, were misclassified as salaried exempt employees, they routinely were required to perform work during their meal breaks.

11. When they were converted to hourly, non-exempt employees, Plaintiff, and those similarly situated were not paid for time worked during meal breaks and were required to clock out during meal breaks.

12. However, they were still routinely required to work during their meal breaks.

**ORIGINAL COMPLAINT**

13. Defendant required, suffered, and permitted Plaintiff, and those similarly situated, to work during their meal breaks but knowingly and willfully failed to pay them the statutorily required minimum wage for all hours worked in a workweek in violation of the FLSA, TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

14. Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective of all Property Managers employed by Defendant during the past three (3) years through the final date of the disposition of this action who were not paid overtime for hours worked in excess of forty (40) hours per workweek and were required to work off-the-clock during their meal break periods in violation of the FLSA ("Collective Plaintiffs").

15. Plaintiff additionally seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of all Property Managers employed by Defendant during the past three (3) years through the final date of the disposition of this action who were required to work off-the-clock during their meal break periods in violation of the TLC ("Texas Class").

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) under 29 U.S.C. § 216(b) *et. seq.*

17. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common

**ORIGINAL COMPLAINT**

nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

18. Venue is proper in this Court pursuant to 29 U.S.C. §216(b), in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## THE PARTIES

19. Plaintiff is a citizen of Hays County, Texas.

20. At all relevant times, Plaintiff, and those similarly situated, were employees who engaged in commerce or the production of goods within the meaning of the FLSA and TLC.

21. Defendant is a nonprofit Texas corporation located at 1110 Broadway, Marble Falls, Texas 78654 in Burnet County.  Defendant may be served with process by serving its registered agent at 1110 Broadway, Marble Falls, Texas 78654.

22. Defendant has at all relevant times been an employer covered by the FLSA and the TLC.

23. Defendant has at all relevant times been an enterprise engaged in commerce with the amount of qualifying annual volume of business for Defendant exceeding $500,000.

## STATEMENT OF THE FACTS

24. Defendant is a nonprofit corporation, which operates, maintains, and manages approximately forty-two (42) housing properties within the state of Texas.  These properties are located in Burnet, Llano, Blanco, Gillespie, Williamson, Brazos, Lubbock, Hemphill, McLennan, and Midland counties.

25. Defendant employs a Property Manager at each of Defendant's properties.

26. Property Managers have similar job duties at all locations and are subject to the same employment and pay policies.

27. Plaintiff was employed by Defendant as a Property Manager from approximately May 16, 2017 to March 19, 2018.

28. From approximately May of 2017 until around February 1, 2018, Plaintiff was paid a salary of approximately $32,600.

29. Plaintiff worked as a Property Manager for two of Defendant's properties: Oak Creek Town Homes and Park Side Apartments, located in Burnet County.

30. Property Managers reported to Defendant's Senior VP of Operations and Defendant's Regional Supervisor.

31. Plaintiff routinely worked approximately between forty-five (45) to fifty (50) or more hours per workweek.

32. The other Property Managers also routinely worked in excess of forty (40) hours per workweek.

33. However, Defendant did not compensate Plaintiff, and those similarly situated, with an overtime premium for all hours worked in excess of forty (40) hours per workweek.

34. Rather, Defendant knowingly and willfully misclassified Plaintiff and the other Property Managers as salaried exempt employees, exempt from the overtime provisions of the FLSA.

35. Though Plaintiff was given the title of Property Manager, upon information and belief, Property Managers primarily performed non-exempt duties.

36. In addition, Property Managers did not have the authority to hire or fire employees.

37. Property Managers did not set employees' hours or work schedules.

38. Property Managers did not have the authority to discipline employees.

39. Property Managers did not conduct performance evaluations for employees and their opinions were not given particular weight.

40. Property Managers did not train employees.

41. Property Managers did not set and/or adjust rate of pay and hours of work.

42. It was not part of Plaintiff's job duties to make suggestions and recommendations. When Plaintiff offered suggestions and recommendations, her supervisors did not follow the suggestions or recommendations or rely on them.

43. For example, Plaintiff asked her supervisors to hire an aide to provide administrative support. This request was denied. Plaintiff was not allowed to hire an aide and her recommendation as to the hiring of an aide was not given particular weight.

44. Further, Property Managers' primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

45. Accordingly, Plaintiff, and those similarly situated, were not exempt from the overtime provisions of the FLSA.

46. In or around February 1, 2018, Defendant acknowledged this misclassification and issued a document to all Property Managers that converted the position of property "manager" from salaried exempt to hourly non-exempt.

47. Significantly, the document stated that "[t]here will be no change in work duties or benefits including vacation etc.", and Plaintiff did not experience any change in work duties or benefits.

48. On or around February 1, 2018, Plaintiff and the other Property Managers were re-classified as hourly employees.

49. Property Managers recorded their hours worked through the "Netchex" system.

50. As an hourly employee, Plaintiff earned around $17.52 per hour.

51. Property Managers were scheduled and were given an hour per workday for a meal break.

52. However, Plaintiff and the other Property Managers were not paid for their meal break periods and were required to work off-the-clock during their meal break periods.

53. Plaintiff and the other Property Managers routinely worked through meal break periods when they were misclassified as salaried exempt employees.

54. After Plaintiff and the other Property Managers were converted to hourly non-exempt employees, they were still required to work through meal break periods.

55. Defendant also required Plaintiff and other Property Managers to clock in and out for meal break periods even though Defendant knew that they were performing work during their meal break periods.

56. Plaintiff and the other Property Managers were not paid for their meal break periods and were required to work off-the-clock during their meal break periods in vilation of the FLSA and the TLC.

## FLSA COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as all other employees who were misclassified as "salaried exempt employees" (Collective Plaintiffs).

58.     Plaintiff defines the FLSA Collective Class as follows: All Property Managers employed by Defendant during the past three (3) years through the final date of the disposition of this action who were not paid overtime for hours worked in excess of forty (40) hours per workweek and were required to work off-the-clock during their meal break periods.

59.     At all relevant times, Plaintiff was similarly situated to all Collective Plaintiffs because while employed by Defendant, Plaintiff and all Collective Plaintiffs, performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendant's practices of willfully failing to pay them at the statutorily required rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek and requiring them to work off-the-clock during their meal break periods.

60.     Defendant is and has been aware of the requirement to pay Plaintiff and the Collective Plaintiffs at a rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully chose not to.

61.     Defendant is and has been aware of the requirement to pay Plaintiff and the Collective Plaintiffs at a rate of $7.25 per hour, yet willfully chose not to.

62.     The Collective Plaintiffs are readily discernible and ascertainable. All Collective Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court determines.

63.     The number of Collective Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

64. All questions relating to Defendant's violation of the FLSA share the common factual basis with Plaintiff. No claims under the FLSA relating to the failure to pay statutorily required overtime premiums or failure to pay minimum wage for all hours worked are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

65. Plaintiff will fairly and adequately represent the interests of the collective and have no interests conflicting with the collective.

66. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

67. Plaintiff's attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

68. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Collective Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

69. The questions of law and fact are nearly identical for Collective Plaintiffs and therefore proceeding as a collective action is ideal.

## RULE 23 CLASS ACTION ALLEGATIONS

70. Plaintiff additionally seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous three years, were subjected to violations of the TLC (Texas Class).

71. The Class which Plaintiff seeks to define includes: All Property Managers employed by Defendant during the past three (3) years through the final date of the disposition of

**ORIGINAL COMPLAINT**

this action who were required to work off-the-clock during their meal break periods in violation of the TLC.

72. The number of class members protected by the TLC and who have suffered from Defendant's violation of the TLC, as set forth herein, are too numerous to join in a single action, necessitating class recognition.

73. All questions relating to the Class's allegations under the TLC share a common factual basis with those raised by the claims of Plaintiff. No claims under the TLC relating to the denial of minimum wage are specific to Plaintiff or any proposed Texas Class member and the claims of Plaintiff are typical of those asserted by the proposed Texas Class.

74. Plaintiff will fairly and adequately represent the interests of all members of the proposed Texas Class.

75. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the TLC by failing to pay statutorily required minimum wage for all hours worked to all members of the proposed Texas Class.

76. The class members of the proposed Texas Class are readily discernable and ascertainable. Contact information for all members of the proposed Texas Class is readily available from Defendant since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FRCP Rule 23 requirements.

77. Plaintiff asserts these claims on her own behalf as well as on behalf of the Texas Class Plaintiffs through her attorneys who are experienced in class action litigation as well as employment litigation.

**ORIGINAL COMPLAINT**

10

78. Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed Texas Class and has no interests conflicting with those of the class.

79. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Texas Class Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the class's interests without their knowledge or contribution.

80. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendant. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Texas Class Plaintiffs' jobs and continued employment.

81. The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Texas Class, continued violations of the TLC will undoubtedly continue.

82. Whether Plaintiff and the Texas Class Plaintiffs were properly compensated at the minimum wage for all hours worked is a common question which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiff on Behalf of All Collective Plaintiffs**

83. Plaintiff and Collective Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. Throughout the period covered by the applicable statute of limitations, Plaintiff and Collective Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek, but were not paid overtime for the time they were misclassified as "salaried exempt" employees.

85. Plaintiff and Collective Plaintiffs were not properly exempt from overtime pursuant to any overtime exemption.

86. Upon information and belief, Defendant knowingly failed to pay Plaintiff and Collective Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

87. Defendant's conduct was willful and lasted for the duration of the relevant time period.

88. Defendant's conduct was in violation of the Fair Labor Standards Act.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiff on Behalf of All Collective Plaintiffs**

89. Plaintiff and Collective Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90. Throughout the period covered by the applicable statute of limitations, Defendant knowingly failed to pay Plaintiff and Collective Plaintiffs the minimum wage for all hours worked off-the-clock due to Defendant's practice of forcing them to work during their meal break periods.

91. Plaintiff and Collective Plaintiffs are entitled to payment at the minimum wage for all hours worked.

92. Upon information and belief, Defendant knowingly failed to pay Plaintiff and Collective Plaintiffs the statutory minimum wage for all hours worked in a workweek.

93. Defendant's conduct was willful and lasted for the duration of the relevant time period.

94. Defendant's conduct was in violation of the Fair Labor Standards Act.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Labor Code §§ 62.001 *et seq.*, Made by Plaintiff on Behalf of All Texas Class Plaintiffs**

95. Plaintiff and Texas Class Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. Throughout the period covered by the applicable statute of limitations, Defendant knowingly failed to pay Plaintiff and the Texas Class Plaintiffs the minimum wage for all hours worked off-the-clock due to Defendant's practice of forcing them to work during their meal break periods.

97. Plaintiff and the Texas Class Plaintiffs are entitled to payment at the minimum wage for all hours worked.

98. Upon information and belief, Defendant knowingly failed to pay Plaintiff and the Texas Class Plaintiffs the statutory minimum wage for all hours worked in a workweek.

99. Defendant's conduct was willful and lasted for the duration of the relevant time period.

100. Defendant's conduct was in violation of the Texas Labor Code.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all FLSA Collective Plaintiffs and Texas Class Plaintiffs employed by Defendant, demands judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported Collective,

defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime and minimum wages;

      B.      Designation of Plaintiff as representative of the FLSA Collective and Rule 23 Class defined herein and Plaintiff's counsel as Class Counsel;

      C.      Equitable tolling of the FLSA statute of limitations;

      D.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Texas Class members under the Texas Labor Code;

      E.      Demand a jury trial on these issues to determine liability and damages;

      F.      Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      G.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and the Texas Labor Code, §§ 62.001 *et seq.*;

      H.      All damages which Plaintiff and Collective Plaintiffs and Texas Class Plaintiffs have sustained as a result of Defendant's conduct, including back pay, liquidated damages, general and special damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

**ORIGINAL COMPLAINT**

I.     An award to Plaintiff and Collective Plaintiffs and Texas Class Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

J.     An award to Plaintiff and Collective Plaintiffs and Texas Class Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K.     An award to Plaintiff and Collective Plaintiffs and Texas Class Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties, including liquidated damages subject to proof;

L.     Awarding Plaintiff and Collective Plaintiffs and Texas Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

M.     Pre-judgment and post-judgment interest, as provided by law; and

N.     Granting Plaintiff and Collective Plaintiffs and Texas Class Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   April 26, 2018

                                            Respectfully submitted,

                                               */s/ Jay D. Ellwanger*

                                            Jay D. Ellwanger
                                            Texas State Bar No. 24036522
                                            jellwanger@equalrights.law
                                            Holt M. Lackey
                                            Texas State Bar No. 24047763
                                            hlackey@equalrights.law
                                            **Ellwanger Law LLLP**
                                            8310-1 N. Capital of Texas Hwy., Ste. 190
                                            Austin, Texas 78731
                                            (737) 808-2260 – telephone
                                            (737) 808-2262 – facsimile

                                            **ATTORNEYS FOR PLAINTIFFS**